### *CHALMERS & AL* vs. *VIGNAUD'S SYNDIC.*

APPEAL from the court of the parish and city of New Orleans.

A lease at will is determined, by a tender of the keys after the legal notice.

MARTIN, J. delivered the opinion of the court. The plaintiffs state that on the 1st of November, 1822, they leased to the insolvent a store, until the 1st of December, 1823, for $125 a month, and have received the rent, up to the 15 of April, 1823, that since his failure, the insolvent had left the premises with his furniture.

The petition concludes with a prayer for the seizure of the furniture—as well as a quantity of merchandise, ceded by the insolvent to his creditors, and that they be paid, out of the proceeds, the rent from the 15th of April to the 1st of December, 1823.

The defendant pleaded the general issue, expressly denying that there was any contract

*East'n District.*
*Feb. 1824.*

CHALMERS
& AL.
*vs.*
VIGNAUD'S
SYNDIC.

to keep the house for a whole year, that if there was, it could not be binding on the creditors, nor give the plaintiffs a lien for any amount accrued after the defendant surrendered the premises—He averred that, in June last, he gave the plaintiffs notice he would transfer the premises on the 15th of July, and on that day, gave up the keys to the plaintiffs, and tendered the rent then due, which they received on the 18th. That the plaintiffs, being mentioned on the insolvent's schedule, are bound by the acts of the syndic of the creditors,

The plaintiffs had judgment and the defendant appealed.

The statement of facts shows that,

Ochmichen deposed; he called on the plaintiffs to rent the premises for the insolvent, some time in November, and was informed it could be had for $1500 a year; the insolvent offered $1400 and afterwards to give 1500 dollars, payable 125 dollars monthly—possession was taken a little time before the first of December, but the rent was not to begin before that day.

On his cross examination, this witness said the insolvent offered to pay at the rate of 1500

East'n. District
*Feb.* 1824.

CHALMERS
& AL.
*vs.*
VIGNAUD'S
SYNDIC

dollars a year, and pay monthly. He does not know of any other agreement.

On the examination in chief the witness deposed he is the insolvent's son-in-law, and a creditor. The insolvent occupied the premises as a store and dwelling house, and intended to underlet a part of them.

It is admitted on the record that,

The insolvent occupied the premises with his family, and as a store, on his failure, and was to pay at the rate of 125 dollars a month, and paid the rent up to the 15th of April, 1923.

Since the end of June, the defendant gave up the keys, and tendered 375 dollars for three months, due the 15th of July, which were received on the 18th of July.

It appears to us the judge *a quo* erred. The testimony shows that there was no lease for any determined period of time, but a lease determinable at the will of either party, at the rate of 1500 dollars a year, payable in monthly instalments of 125 dollars. The creditors who succeeded to the insolvent's right were therefore at liberty to put an end to the lease. This their syndic did, after having given the notice required dy law, *Civ. Code,* 314, *art.* 11, by their tendering the keys and the rent.

East'n District
*Feb.* 1824.

CHALMERS
& AL.
*vs.*
VIGNAUD'S
SYNDIC.

It is true, it is stated on the record, that the defendant did not mean that the plaintiffs should be concluded by their acceptance to the keys and rent, and hiring out the premises. But the lease was determined by the tender, after the legal notice.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be annulled, avoided, and reversed, and that there be judgment for the defendant, with costs in both courts.

*McCaleb* for the plaintiffs. *Seghers* for the defendant.