KLEES, Judge.
Defendant, The Louisiana Weekly Publishing Company, Inc., appeals the trial court’s judgment finding it liable to plaintiff for $4,000.00 in back rent and dismissing its reconventional demand. We affirm.
Defendant is a closely held corporation whose major stockholders are the plaintiff, Henry B. Dejoie, Sr., his brother, Constant C. Dejoie, Jr., and his sister, Vivian D. Roussell. Constant Dejoie is the president of this corporation. Henry Dejoie apparently ceased all participation in the management of the corporation in May of 1986.
For many years, the corporation has occupied property located at 640 South Rampart Street on a verbal month-to-month lease. This property is owned jointly by the plaintiff, his brother and sister. During its occupancy, the corporation has paid rent of $3,000.00 per month, $1,000.00 to each of the co-owners.
On October 9, 1986, the accountant for the corporation notified the plaintiff that, on the authority of plaintiff’s brother, the October rent was being withheld to pay anticipated property taxes due in January of 1987. Sometime later in October, the corporation relocated its principal offices, leaving some equipment on the premises at 640 South Rampart Street. By certified letter dated October 22, 1986, plaintiff made demand for his share of the October rent, but was never paid.
In January of 1987, plaintiff filed a petition against the corporation seeking four months of overdue rent plus a writ of sequestration enforcing his lessor’s privilege on movables which the corporation had left on the premises. Pursuant to this writ, *867 two red Chevrolet vans belonging to the corporation were seized.
Defendant answered the petition by denying that any rent was owed, and also filed a reconventional demand claiming that plaintiff had “maliciously and wrongfully” caused the sequestration of corporate property and had thereby damaged the corporation. After a full trial on the merits, the trial court found in favor of the plaintiff on the main demand and dismissed the recon-ventional demand on the grounds that plaintiff had a valid lessor’s privilege and the sequestration was proper.
Verbal leases are permissible in Louisiana. La.Civ.Code art. 2683. If no term has been fixed for the lease, it is considered to have been made by the month. Id. art. 2685. To terminate such a lease, the party desiring to put an end to it must give notice in writing to the other at least ten days before the expiration of the month which has begun to run. Id. art. 2686 (emphasis added). In this case, C.C. Dejoie admitted that no written notice of termination was given to plaintiff. He also admitted that he had no oral or written authority to divert plaintiffs October rent. Finally, he admitted that two large pieces of equipment, a camera and a cutting machine, were left on the premises after the corporation moved in October, but claimed that the equipment was abandoned.
In terms of the rent owed, it makes no difference whether the corporation abandoned the equipment or intended to return for it. The important fact is that the corporation did not comply with the codal requirement to give written notice to the lessors of its intention to terminate the lease. In this regard, the continued presence of the equipment on the property merely served to confirm the impression in plaintiff’s mind that the corporation was still occupying the property. Defendant is contending that the equipment was abandoned primarily to rebut the codal presumption of reconduction that arises when a tenant continues to possess leased property for a week beyond the termination of the lease. See La.Civ.Code art. 2689. In this case, however, reconduction is irrelevant because, in the absence of written notice, the lease was never terminated.
Defendant also argues that plaintiff indicated his own desire to terminate the lease by means of a letter sent to the corporation on September 19, 1986, in which plaintiff expressed his intention to inspect the premises “before the company moves” and demanded a key to the doors. We do not find that this letter expresses plaintiff’s desire to terminate the lease. Plaintiff testified that he sent the letter because he had heard rumors that the corporation would be moving.
In response to plaintiff’s letter, he received from his brother a key with a note that merely said “Please find enclosed the key for the Louisiana Weekly building.” (Exhibit D-1). Relying on Chalmers v. Vignaud’s Syndic, 1824, 2 Mart. (N.S.) 189, defendant argues that this tender of the key was sufficient to terminate the lease. We disagree, as the tender in this case occurred only after plaintiff had requested a key for inspection purposes. Furthermore, the Chalmers case refers to tender of a key after the legal notice has been given. Under the circumstances, we agree with the trial court that the plaintiff is owed four months of back rent.
With regard to the writ of sequestration, defendant contends that the seizure was wrongful because the two vehicles were not on the premises when they were sequestered. Louisiana Civil Code article 2709 states that the lessor may exercise his privilege by seizing objects subject to the privilege “before the lessee removes them from the leased premises, or within fifteen days after they have been removed by the lessee without the consent of the lessor, if they continue to be the property of the lessee, and can be identified.” The record contains no return on the writ of sequestration to indicate where the vans were seized. The plaintiff testified that he didn’t know the location at which the vans were seized, but that he had seen the vans housed at 640 South Rampart Street in January of 1987. C.C. Dejoie did not know where the vans were kept after the corpo *868 ration moved. Although there was a comment by defendant’s attorney that the vans were seized at City Hall, there was no testimony to this effect.
The evidence presented was insufficient to prove wrongful seizure. Therefore, we will not disturb the factual conclusion of the trial judge that the sequestration was proper.
Accordingly, we affirm the judgment of the trial court awarding the plaintiff, Henry B. Dejoie, Sr., the sum of $4,000.00. plus interest, costs, and 25% attorney’s fees, and dismissing the reconventional demand of defendant, The Louisiana Weekly Publishing Company, Inc.
AFFIRMED.